**FILED**

JAN 1 4 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, 100 F Street, N.E. Washington, DC 20549 ) ) ) | Case: 1:11-cv-00091 Assigned To : Walton, Reggie B. Assign. Date : 1/14/2011 Description: General Civil |
| Plaintiff, ) ) v. ) ) | |
| JOSEPH D. RADCLIFFE and MICHAEL J. RADCLIFFE, ) ) ) ) | COMPLAINT |
| Defendants. ) ) ) | |

Plaintiff, the United States Securities and Exchange Commission ("Commission"),

alleges as follows against defendants Joseph Radcliffe and Michael Radcliffe (collectively, the

"Defendants"):

### SUMMARY

1.      Joseph Radcliffe and Michael Radcliffe violated the federal securities laws by

operating a financial fraud at a public company.  Joseph Radcliffe engaged in illegal insider

trading during the financial fraud.

2.      The Defendants controlled and partly owned Image Innovations Holdings, Inc.

("Image Holdings" or the "Company"), a public company operating in Tannersville, New York

that sold sports memorabilia.  They created fictitious revenue for Image Holdings by recording

false sales in the Company's books and records and reported the fictitious revenue in financial

reports disseminated to the public and filed with the Commission.  In this way, the Defendants

fabricated more than 92 percent of the Company's reported revenue in 2004 and early 2005.

Joseph Radcliffe sold, or arranged the sale of, shares of the Company at the fraud-inflated prices

while in possession of material, nonpublic information regarding the Company's true financial

performance and without registering the sales as required by the securities laws. At least

$965,000 was obtained from the financial fraud and Joseph Radcliffe's illegal stock sales;

Michael Radcliffe received at least $10,000 from the Company as a result of the unlawful stock

sales.

3.      By this conduct, Joseph Radcliffe violated Sections 5(a), 5(c) and 17(a) of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e (c) and 77q(a)], and Section

10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and

Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]. Joseph Radcliffe also is liable as a

controlling person of Image Holdings pursuant to Section 20(a) of the Exchange Act [15

U.S.C. § 78t(a)] for Image Holdings's violations of Sections 13(a), 13(b)(2)(A) and 13

(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and

Exchange Act Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and

240.13a-13].

4.      By this conduct, Michael Radcliffe is liable pursuant to Section 20(e) of the

Exchange Act [15 U.S.C. § 78t(e)] for aiding and abetting Joseph Radcliffe's violations of

Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Exchange Act Rule 10b-5 [17

C.F.R. § 240.10b-5] and for aiding and abetting Image Holdings's violations of Sections 13(a),

13(b)(2)(A) and 13 (b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and

78m(b)(2)(B)] and Exchange Act Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20,

240.13a-1 and 240.13a-13].

## JURISDICTION

5.      The Commission brings this action pursuant to Sections 20(b) and 20(d) of the

Securities Act [15 U.S.C. §§ 77t(b) and 77t(d)], and Sections 21(d) and 21A of the Exchange

Act [15 U.S.C. §§ 78u(d) and 78u-1], to enjoin the Defendants from engaging in the

transactions, acts, practices, and courses of business alleged herein, for disgorgement of profits made or losses avoided, for prejudgment interest thereon, and for civil money penalties.

6.     The Court has jurisdiction over this action under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Sections 21(d)(3)(A), 21A, and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(3)(A), 78u-1, and 78aa].

7.     Venue lies in the District of Columbia under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Sections 21A and 27 of the Exchange Act [15 U.S.C. §§ 78u-1 and 78aa]. Venue is proper because a principal part of the violative conduct -- the filing of false financial statements with the Commission -- occurred in the District of Columbia.

8.     By the conduct alleged in this Complaint, the Defendants, directly or indirectly, singly or in concert, made use of the means or instruments of transportation or communication in interstate commerce, the means or instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange.

## DEFENDANTS AND RELEVANT ENTITIES

9.     From early 2004 through 2006, Image Holdings was a public company incorporated in Nevada and registered under Section 12(g) of the Exchange Act. It operated a sports memorabilia business in Tannersville, New York, under its subsidiary, Image Sports and Entertainment ("ISE"). Image Holdings was controlled and partly owned by Joseph and Michael Radcliffe. The Company emerged from Chapter 11 bankruptcy in March 2009 without assets. Nevada subsequently revoked its corporate charter, and, in July 2010, the Company agreed to the entry of a Commission Order revoking the registration of its securities a proceeding brought pursuant to Section 12(j) of the Exchange Act [15 U.S.C.§ 78l(j)].

10.     From early 2004 through at least 2006, defendant Joseph D. Radcliffe controlled

the daily operations of, and owned stock in, Image Holdings. His title at the Company was

"consultant." He is the father of Michael Radcliffe and is a former stock broker. A federal court

enjoined Joseph Radcliffe in 2001 from violations of the antifraud and registration provisions of

the securities laws, and ordered him to pay disgorgement and a civil penalty, in connection with

an illegal manipulation of a penny stock. *See SEC v. Radcliffe,* Case No. 01-cv-00369-DMM

(S.D. Fla. filed Jan. 30, 2001), Docket No. 23 (Final Judgment as to Joseph D. Radcliffe).

Joseph Radcliffe is about 62 years old and resides in or near Elka Park, New York.

11.     From early 2004 through at least 2006, defendant Michael J. Radcliffe was a

Director of Image Holdings and the Chief Operating Officer of its operating subsidiary, ISE. He

was responsible for ISE operations including customer sales, bookkeeping and financial

reporting. As a Director of Image Holdings, he signed the Company's financial reports. Michael

Radcliffe is about 40 years old and resides in or near Elka Park, New York.

### FACTS

12.     From early 2004 through at least 2006, Image Holdings was in the business of

manufacturing and selling sports and entertainment memorabilia. It conducted this business

through its operating subsidiary, ISE. During the relevant period, Image Holdings shares were

registered pursuant to Section 12(g) of the Exchange Act and traded over-the-counter under the

ticker symbol IMGV.OB.

13.     Michael Radcliffe was the CEO and sole officer of ISE. He was responsible for

all ISE operations, including its sales, bookkeeping, and financial reporting. He was the director

of the parent and issuer, Image Holdings. He also signed Image Holdings's periodic financial

reports and caused them to be filed with the Commission.

4

14.     Joseph Radcliffe controlled the operations of Image Holdings and ISE. He controlled: Company purchases, sales, marketing, and other business arrangements; payments of money into and out of the Company; and the transfer of merchandise into and out of the Company's warehouse. He maintained an office in the Company's facility in Tannersville, New York and held himself out as a "consultant" to the Company.

15.     In 2004 and 2005, the Defendants engaged in a scheme to create fictitious sales of Company merchandise. They entered the false sales as accounts receivable in the Company books, and they created false invoices and other documentation for these bogus sales.

16.     The Defendants prepared false financial statements reporting the fictitious revenue from the bogus sales, and they included the false financial statements in forms filed with the Commission. In 2004, Image Holdings reported about $6.1 million in revenue. For the first quarter of 2005, Image Holdings reported about $464,502 in revenue. At least approximately 92 percent of Image Holdings's reported revenue in 2004 and 2005 represented phony "revenue" resulting from the defendants' fictitious sales scheme.

17.     Joseph and Michael Radcliffe filed, or caused to be filed, the false financial statements in Image Holdings's Forms 10-K and 10-Q, filed with the Commission from May 2004 through the end of 2005, causing the Company's Forms 10-K and 10-Q to be false and misleading.

18.     The existence and amount of the fictitious revenue reported in the Company's financial statements constituted material information to the investing public.

19.     In 2005, Image Holdings hired an officer from outside the Company who questioned the Company's reported revenue. As a result, in December 2005, the Company

announced that it would review its revenue figures, and in March 2006, Image Holdings announced that it would restate revenue for 2004.

20.     The materially misleading financial statements filed by the Defendants inflated the price of Image Holdings stock. Prior to the first false financial statement, filed in May 2004, the Company's share price was about $2.60. After the third false financial statement, filed in November 2004 for the third quarter of 2004, the share price had increased to $6.03. After Image Holdings announced its intention to restate revenues in March 2006, its share price fell to about $1.17.

21.     In 2004, 2005, and 2006, Joseph Radcliffe sold shares of Image Holdings while in possession of material non-public information about the Company. He knew that the Company's financial statements were materially false and misleading with respect to the Company's financial performance—information that was not disclosed to the public at the time he sold his shares. From May 2004 through March 2006, Joseph Radcliffe sold, or arranged the sale of, at least 377,979 shares of Image Holdings in public and private transactions, retaining proceeds of at least $955,000 on these unlawful sales.

22.     Joseph Radcliffe had a duty to disclose the material non-public information in his possession before trading Image Holdings shares, or to refrain from trading.

23.     The Defendants used some of the proceeds of Joseph's stock sales in an attempt to conceal the existence of the fake sales. They transferred some of the proceeds from Joseph Radcliffe's unlawful stock sales to the Company's operating accounts and falsely recorded the incoming cash as payments against the accounts receivable for the bogus sales.

24.     Michael Radcliffe received at least $10,000 from the Company's operating accounts that had been obtained through Joseph Radcliffe's unlawful stock sales.

6

25. Commission records reveal that no registration statements were filed or were in effect covering any of Joseph Radcliffe's offers or sales of stock.

26. The Defendants used the means and instruments of transportation and communication in interstate commerce to record false entries on the Company's books and to file false reports with the Commission. Joseph Radcliffe used the means and instrumentalities of interstate commerce and used a securities exchange to sell Image Holdings stock.

### FIRST CLAIM FOR RELIEF
**Violations of Section 17(a) of the Securities Act**
(Insider Trading – Joseph Radcliffe)

27. The Commission realleges and incorporates by reference paragraphs 1 through 26, above.

28. By engaging in the conduct set forth above, Joseph Radcliffe, knowingly, recklessly, or negligently, in the offer or sale of securities, by the use of means or instruments of transportation or communication in interstate commerce, or by the use of the mails, directly or indirectly: (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of untrue statements of material facts or omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon purchasers of securities.

29. By reason of the foregoing, Joseph Radcliffe violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and unless restrained and enjoined will continue to violate Section 17(a) of the Securities Act.

## SECOND CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5
(Financial Fraud and Insider Trading – Joseph Radcliffe)

30.     The Commission realleges and incorporates by reference paragraphs 1 through 29, above.

31.     By engaging in the conduct set forth above, Joseph Radcliffe, directly or indirectly, individually and together, by use of means or instrumentalities of interstate commerce, or of the mails, or of a facility of a national security exchange, with *scienter*: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon other persons, in connection with the purchase or sale of securities.

32.     By reason of the foregoing, Joseph Radcliffe violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] and unless restrained and enjoined will continue to violate Section 10(b) of the Exchange Act and Rule 10b-5.

## THIRD CLAIM FOR RELIEF
### Violations of Section 5(a) and 5(c) of the Securities Act
(Registration Violations – Joseph Radcliffe)

33.     The Commission realleges and incorporates by reference the allegations in paragraphs 1 through 32 , above.

34.     The shares of Image Holdings, Inc. are securities within the meaning of Section 2(a)(1) of the Securities Act [ §15 U.S.C. 77b(a)(1)].

35.     By engaging in the conduct set forth above, Joseph Radcliffe, directly or indirectly, through use of the means or instruments of transportation or communication in interstate commerce or of the mails, offered to sell or sold securities or carried or caused such securities to be carried through the mails or in interstate commerce, for the purpose of sale or delivery after sale.

36.     No registration statements had been filed with the Commission or were in effect with respect to the securities offered or sold by Joseph Radcliffe prior to the offer or sale of these securities.

37.     By reason of the foregoing, Joseph Radcliffe violated Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)], and unless restrained and enjoined will continue to violate these provisions.

### FOURTH CLAIM FOR RELIEF
**Violations of Section 13(a) of the Exchange Act and Rules
13a-1, 13a-13 and 12b-20, Pursuant to Section 20(a) of the Exchange Act**
(Control Person Liability for Reporting Violations – Joseph Radcliffe)

38.     The Commission realleges and incorporates by reference paragraphs 1 through 37, above.

39.     Image Holdings failed to file with the Commission such financial reports as the Commission has prescribed, and failed to include, in addition to the information expressly required to be stated in such reports, such further material information as was necessary to make the statements made, in light of the circumstances in which they were made, not misleading, in violation of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13].

40.     At all times relevant hereto, Joseph Radcliffe was a controlling person of Image Holdings for the purposes of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

41.     By reason of the foregoing, Joseph Radcliffe is liable as a control person for

Image Holdings's violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and

13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], and

unless restrained and enjoined will continue to violate these provisions.

**FIFTH CLAIM FOR RELIEF**
**Violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the**
**Exchange Act, Pursuant to Section 20(a) of the Exchange Act**
(Control Person Liability for Books and Records and Internal
Control Violations → Joseph Radcliffe)

42.     The Commission realleges and incorporates by reference paragraphs 1 through

41, above.

43.     Image Holdings failed to:

A.      make and keep books, records, and accounts, which, in reasonable

detail, accurately and fairly reflected the transactions and

dispositions of its assets; and

B.      devise and maintain a system of internal accounting controls sufficient to

provide reasonable assurances that:

i.      transactions were executed in accordance with management's

general or specific authorization;

ii.     transactions were recorded as necessary to permit preparation of

financial statements in conformity with generally accepted

accounting principles or any other criteria applicable to such

statements, and to maintain accountability for assets;

iii.    access to assets was permitted only in accordance with

management's general or specific authorization; and

    iv.  the recorded accountability for assets was compared with the

       existing assets at reasonable intervals and appropriate action was

       taken with respect to any differences,

in violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§

78m(b)(2)(A) & 78m(b)(2)(B)].

  44.  At all times relevant hereto, Joseph Radcliffe was a controlling person of Image

Holdings for the purposes of Section 20(a) of the Exchange Act [15 U.S.C. § 78t (a)].

  45.  By reason of the foregoing, Joseph Radcliffe is liable as a control person for

Image Holdings's violations of Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]

and unless restrained and enjoined will continue to violate these provisions.

**SIXTH CLAIM FOR RELIEF**
**Violations of Section 10(b) of the Exchange Act and Rule 10b-5,**
**Pursuant to Section 20(e) of the Exchange Act**
(Aiding and Abetting Securities Fraud -- Michael Radcliffe)

  46.  The Commission realleges and incorporates by reference paragraphs 1 through

45, above.

  47.  Joseph Radcliffe, directly or indirectly, individually and together, by use of means

or instrumentalities of interstate commerce, or of the mails, or of a facility of a national security

exchange, with *scienter*: (a) employed devices, schemes or artifices to defraud; (b) made untrue

statements of material fact or omitted to state material facts necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaged in acts, practices or courses of business which operated or would operate as a fraud

or deceit upon other persons, in connection with the purchase or sale of securities, in violation of

Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R.

§§ 240.10b-5].

48.     Michael Radcliffe knowingly provided substantial assistance to Joseph Radcliffe in the commission of these violations.

49.     By reason of the foregoing, Michael Radcliffe aided and abetted Joseph Radcliffe's violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. §§ 240.10b-5], and unless restrained and enjoined will continue to violate Section 10(b) of the Exchange Act and Rule 10b-5.

### SEVENTH CLAIM FOR RELIEF
**Violations of Section 13(a) of the Exchange Act and Rules
12b-20, 13a-1 and 13a-13, Pursuant to Section 20(e) of the Exchange Act**
(Aiding and Abetting Reporting Violations -- Michael Radcliffe)

50.     The Commission realleges and incorporates by reference paragraphs 1 through 49, above.

51.     Image Holdings failed to file with the Commission such financial reports as the Commission has prescribed, and failed to include, in addition to the information expressly required to be stated in such reports, such further material information as was necessary to make the statements made, in light of the circumstances in which they were made, not misleading, in violation of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13].

52.     Michael Radcliffe knowingly provided substantial assistance to Image Holdings in the commission of these violations.

53.     By reason of the foregoing, Michael Radcliffe aided and abetted Image Holdings's violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], and unless restrained and enjoined will continue to aid and abet violations of these provisions.

## EIGHTH CLAIM FOR RELIEF
### Violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the
### Exchange Act Pursuant to Section 20(e) of the Exchange Act
(Aiding and Abetting Books and Records and Internal Controls Violations -- Michael Radcliffe)

54.     The Commission realleges and incorporates by reference the allegations in paragraphs 1 through 53, above.

55.     Image Holdings failed to:

A.      make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of its assets; and

B.      devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

   i.      transactions were executed in accordance with management's general or specific authorization;

   ii.     transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets;

   iii.    access to assets was permitted only in accordance with management's general or specific authorization; and

   iv.     the recorded accountability for assets was compared with the existing assets at reasonable intervals and appropriate action was taken with respect to any differences.

in violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) & 78m(b)(2)(B)].

56.     Michael Radcliffe knowingly provided substantial assistance to Image Holdings in the commission of these violations.

57.     By reason of the foregoing, Michael Radcliffe aided and abetted Image Holdings's violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) & 78m(b)(2)(B)] and unless restrained and enjoined will continue to aid and abet violations of these provisions.

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests that this Court enter final judgments:

### I.

Permanently restraining and enjoining Joseph D. Radcliffe, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, and each of them, from: (i) violating Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5; and (ii) controlling any person who violates Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13];

### II.

Permanently restraining and enjoining Michael J. Radcliffe, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, and each of them, from: (i) violating Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Exchange Act Rule10b-5 [17 C.F.R. § 240.10b-5]; and (ii) aiding and abetting any violation of Sections

13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13];

### III.

Ordering Joseph Radcliffe and Michael Radcliffe to disgorge the ill-gotten gains they received and losses they avoided as a result of their violations of the federal securities laws, and to pay prejudgment interest thereon;

### IV.

Ordering Joseph Radcliffe to pay civil money penalties pursuant to Sections 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78t-1] and Section 20(d)(3) of the Securities Act [15 U.S.C. § 77t(d)(3)];

### V.

Ordering Michael Radcliffe to pay civil money penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

### VI.

Barring Joseph Radcliffe and Michael Radcliffe from serving as an officer or director of a publicly held company pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2);

### VII.

Granting such other relief as the Court may deem just and proper; and

## VII.

Retaining jurisdiction over this action to enforce any Orders or Final Judgments issued

by this Court.

Dated:  January 14, 2011

Respectfully submitted,

Arthur S. Lowry
D.C. Bar No. 421266
Gerald W. Hodgkins
Moira T. Roberts
Jose Rodriguez

Counsel for Plaintiff
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
(202) 551-4918 (Lowry telephone)
(202) 772-9245 (Lowry facsimile)
Lowrya@sec.gov

16